UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24-cv-01685-MTS |
| | ) |
| ACE SHISHA LOUNGE LLP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Joe Hand Promotions, Inc. moved for Summary Judgment in this matter against Defendants Ace Shisha Lounge LLP, Anel Ramic, and Denis Omerovic. Doc. [19]; *see also* Fed. R. Civ. P. 56(a). Defendants' time to respond to the Motion came and went, and they filed nothing. *See* E.D Mo. L.R. 4.01(F). It is unusual for a party represented by counsel to altogether fail to respond to a motion for summary judgment. For this reason, the Court entered an Order providing Defendants an opportunity to (1) demonstrate excusable neglect for their failure to respond to the Motion, and (2) respond to the Motion for Summary Judgment no later than January 16, 2026. Doc. [23]; *see also* Fed. R. Civ. P. 56(e)(1). Puzzlingly, Defendants again filed nothing. Thus, now before the Court is Plaintiff's wholly unopposed Motion for Summary Judgment.

*

"A court must grant a motion for summary judgment if the moving party shows that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (citing Fed. R. Civ. P. 56(a)). "Even if a motion for summary judgment on a particular claim stands unopposed, the district

court must still determine that the moving party is entitled to judgment as a matter of law on that claim." *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 369 (8th Cir. 2018) (per curiam) (quoting *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993)).  When the nonmoving party fails to address another party's assertion of fact, the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

Summary judgment in this anti-piracy matter is now straightforward because Defendants have admitted the simple elements for violation of the Federal Communications Act of 1934.  *See* 47 U.S.C. § 605.  Plaintiff possessed the proprietary rights to exhibit and sublicense the right for commercial establishments to exhibit the pay-per-view boxing broadcasts of Jake Paul vs. Tyron Woodley 2, telecast on December 18, 2021, and Canelo Alvarez vs. Jaime Munguia, telecast on May 4, 2024.  Doc. [21] ¶ 2.  Defendants, without authorization, intercepted and received or assisted in the interception and receipt of the transmission of Jake Paul vs. Tyron Woodley 2, and broadcast or assisted in the broadcast of Jake Paul vs. Tyron Woodley 2 to the patrons of Defendants' Establishment.  *Id.* ¶ 12.  On May 4, 2024, without authorization, Defendants intercepted and received or assisted in the interception and receipt of the transmission of Canelo Alvarez vs. Jaime Munguia, and broadcast or assisted in the broadcast of Canelo Alvarez vs. Jaime Munguia to the patrons of the Defendants' Establishment.  *Id.* ¶ 13.  Defendants Anel Ramic and Denis Omerovic were principals of Defendant Ace Shisha Lounge LLP on the dates of the Events, and they were present during the broadcasts.  *Id.* ¶¶ 19–20.

These undisputed facts constitute a violation of 47 U.S.C. § 605 and demonstrate that Plaintiff is entitled to judgment as a matter of law.  *See Joe Hand Promotions, Inc. v. Warehouse W. Restarant & Lounge LLC*, 4:23-cv-1545-MTS, 2024 WL 1619202, at *1 (E.D. Mo. Apr. 15, 2024); E.D. Mo. L.R. 4.01(E) ("All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").  For the violation, the Court will award Plaintiff statutory damages under § 605(e)(3)(C)(i)(II) in the amount of ten thousand dollars.  The Court will award an additional forty thousand dollars in damages under § 605(e)(3)(C)(ii) given that the undisputed facts show that Defendants committed the act willfully and for commercial advantage and private financial gain.  Finally, the Court will award costs, including awarding reasonable attorneys' fees under § 605(e)(3)(B)(iii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Joe Hand Promotions, Inc.'s unopposed Motion for Summary Judgment, Doc. [19], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a fee affidavit no later than **Friday**, **February 06, 2026**.  Defendants will have ten (10) days to file any opposition to the amount.  Afterwards, the Court will enter judgment accordingly.

Dated this 27th day of January 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE